Stephen C. Ruehmann (167533)
**LAW OFFICES OF STEPHEN C. RUEHMANN**
770 L Street, Suite 950
Sacramento, CA 95814
Tel (916) 449-3939/Fax (916) 449-3929
ruehmannlaw@yahoo.com

Marc A. Fisher, Esq. (47794)
**LAW OFFICES OF MARC A. FISHER**
9580 Oak Avenue Parkway, #15
Folsom, CA 95630
Tel (916) 988-8001/Fax (916) 988-8002
mfisher@cosentinolaw.com

Attorneys for Plaintiffs
ANILECH SHARMA and
PARMA SHARMA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANILECH SHARMA and PARMA SHARMA, <br><br>             Plaintiffss, <br>vs. <br><br>PROVIDENT FUNDING ASSOCIATES, L.P.; a California limited partnership; PREFERRED MORTGAGE, a California business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; a California corporation; MAX DEFAULT SERVICES CORPORATION, a California corporation; and DOES 1-100, inclusive, <br><br>             Defendants. | Case No.: C09-5968 VRW <br><br>**PLAINTIFFS' EX PARTE APPLICATION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE PENDING PRELIMINARY INJUNCTION – IMMEDIATE RELIEF SOUGHT** <br><br>DATE:  December 21, 2009 <br>TIME:   TBA <br>DEPT:  Courtroom 6, 17th Floor <br><br>**Hon. Vaughn R. Walker, Chief Judge** |

Plaintiffs ANILECH SHARMA and PARMA SHARMA ("Plaintiffs") hereby apply and move for a temporary restraining order and order to show cause restraining Defendants

PROVIDENT FUNDING ASSOCIATES, L.P.; a California limited partnership; PREFERRED MORTGAGE, a California business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; a California corporation; MAX DEFAULT SERVICES CORPORATION, a California corporation; their officers, agents, servants, and employees (collectively "Defendants") from selling, transferring, conveying, foreclosing upon, evicting or any other conduct adverse to Plaintiff regarding the real property located at 22169 Betlen Way, Castro Valley, CA 94546 ("Plaintiff's Property").  **Defendants have noticed a Trustee's Sale of Plaintiffs' Property to take place at 12:30 P.M. on December 22, 2009 and immediate injunctive relief is requested.**

Plaintiffs respectfully request that the Court temporarily restrain and enjoin Defendants from selling, transferring, conveying or foreclosing upon the Plaintiffs' Property, including but not limited restraining and enjoining Defendants from proceeding with any Trustee's Sale of the Plaintiffs' Property.  Plaintiffs also request an order to show cause why a preliminary injunction should not be granted enjoining Defendants and their agents, servants and employees from conducting any sale or taking any other action to effect an assignment of rents or hinder Plaintiffs' ability to enjoy the fruits of the Plaintiffs' Property during the pendency of this action.

This application is made on the grounds that Plaintiffs' complaint demonstrates that they are entitled to the relief demanded, in that Plaintiffs have raised serious issues as to whether Defendants may lawfully foreclose on the Property, that Plaintiffs are likely to prevail on the merits, and that the balance of hardships tips sharply in Plaintiffs' favor.  Any sale, auction, transfer of ownership, further encumbering or assignment of rents of the Plaintiffs' Property will cause great and irreparable injury and harm to Plaintiffs before the matter can be decided without the imposition of the restraining order.  Also, a declaratory judgment which is in Plaintiffs' favor will be rendered ineffectual and meaningless if there is a sale, auction, transfer of ownership,

further encumbering or assignments of the rents of the Plaintiffs' Property. Pecuniary compensation will not afford adequate relief, particularly in light of the fact that it would be extremely difficult to ascertain the amount of compensation which could afford adequate relief and because Plaintiffs' Property is unique. Restraint of Defendants' action is necessary if a declaratory judgment is to have any effect and accomplish its purpose of avoiding multiplicity of litigation.

Plaintiffs have not previously applied to any judicial officer for similar relief.

This application is based upon the complaint on file in this case, previously filed memorandum of points and authorities, declarations and other documentary evidence, as well as the argument of counsel, if such be permitted.

**Ex Parte notice was provided as follows: Stephen C. Ruehmann, counsel for Plaintiffs, faxed written notice to Defendants on December 17, 2009, and telephoned Defendants on December 18, 2009, informing them of this Application. Plaintiffs' counsel will notify Defendants of the precise date, time and place of the hearing hereon once established by the Court.**

DATED: December 21, 2009

                                                   /S/
                                        Stephen C. Ruehmann
                                        Attorney for Plaintiffs