IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANILECH SHARMA and PARMA SHARMA,<br><br>　　　　Plaintiffs,<br><br>　　　　v<br><br>PROVIDENT FUNDING ASSOCIATES, LP, a California limited partnership; PREFERRED MORTGAGE, a California business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, a California corporation; MAX DEFAULT SERVICES CORPORATION, a California corporation; and DOES 1-100, inclusive,<br><br>　　　　Defendants.<br>_____/ | No C 09-5968 VRW<br><br>ORDER |

　　　　Plaintiffs Anilech and Parma Sharma move ex parte for a temporary restraining order ("TRO") enjoining defendants Provident Funding Associates, LP, Preferred Mortgage, Mortgage Electronic Registration Systems, Inc, Max Default Services Corporation and Does 1-100 (collectively "defendants") from proceeding with a foreclosure sale of plaintiffs' property located at 22169 Betlen Way, Castro Valley, California. Doc #2. Plaintiffs represent that

the foreclosure sale is scheduled to take place on December 22, 2009 at 12:30 PM. Id.

Under FRCP 65(b), the court may issue a temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant's attorney must certify in writing "any efforts made to give notice." FRCP 65(b)(1)(B). Additionally, plaintiffs must establish a strong likelihood of success on the merits. Taylor v Westly, 488 F3d 1197, 1200 (9th Cir 2007).

Here, plaintiff Anilech Sharma asserts that prior to proceeding with its foreclosure efforts "Provident Funding loss mitigators deceived and failed to offer us any loan modification that would reduce our monthly payments." Doc #3 at 5. As this failure arguably violates the requirements of California Civil Code section 2923.5(a)(2), plaintiffs have satisfactorily shown for purposes of provisional ex parte relief a likelihood of success and irreparable injury. Plaintiffs' attorney has certified that he faxed written notice and telephoned defendants informing them of plaintiffs' motion. Doc #7 at 3.

//
//
//
//
//
//
//

**2**

**Because plaintiffs have demonstrated that they will likely suffer immediate irreparable injury as a result of the foreclosure sale, the court GRANTS plaintiffs' motion and hereby ORDERS as follows:**

1. **Defendants and their agents, servants, employees and representatives, and all persons acting in concert or participating with them, are ENJOINED from selling, transferring, conveying, evicting or engaging in any other conduct adverse to plaintiffs regarding the real property located at 22169 Betlen Way, Castro Valley, California 94546;**

2. **This order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this order by personal service or otherwise.**

**Defendants are ORDERED to SHOW CAUSE why they and their agents, servants, employees, representatives and all persons acting in concert or participating with them should not be enjoyed or restrained during the pendency of this action from engaging in, committing or performing, directly or indirectly, the selling, transferring, conveying or engaging in any other conduct adverse to plaintiffs regarding the real property located at 22169 Betlen Way, Castro Valley, California.**

*//*
*//*
*//*
*//*

3

Defendants may file a written response to this order to show cause on or before January 5, 2010 at 3:00 PM. Because good cause exists, as the court's first available hearing date is January 7, 2010, the court will hear the matter on January 7, 2010 at 10:00 AM in courtroom 6, 17th floor at 450 Golden Gate Ave, San Francisco, CA.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge