**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
ANILECH SHARMA and PARMA SHARMA,      No C 09-5968 VRW

              Plaintiffs,
                                       ORDER
              v

PROVIDENT FUNDING ASSOCIATES, LP,
a California limited partnership;
PREFERRED MORTGAGE, a California
business entity, form unknown;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC, a California
corporation; MAX DEFAULT SERVICES
CORPORATION, a California
corporation; and DOES 1-100,
inclusive,

              Defendants.
_____/
```

On December 22, 2009, the court issued a temporary restraining order against defendants foreclosing on plaintiffs' property and issued an order to show cause on the issuance of a preliminary injunction. Doc #9. Defendants filed a response to the court's order to show cause on January 5, 2010. Doc #11. The application of plaintiffs for preliminary injunction was scheduled for hearing on January 7, 2010. Due to illness, counsel for one of

the parties was unable to appear.  The court, therefore, submitted the application for a preliminary injunction on the papers filed herein.  For the following reasons, the court GRANTS plaintiffs' request for a preliminary injunction.

I

"A preliminary injunction is an extraordinary remedy never awarded as of right."  <u>Winter v Natural Res Def Council, Inc</u>, --- US ----, 129 S Ct 365, 376 (2008).  The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the actions on the merits."  <u>Sierra Forest Legacy v Rey</u>, 577 F3d 1015, 2009 WL 2462216 (9th Cir 2009).  "In brief, the bases for injunctive relief are irreparable injury and inadequacy of legal remedies.  In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  <u>Amoco Production Co v Village of Gambell</u>, 480 US 531, 542 (1987).

Recently, the Supreme Court clarified the proper standard for granting or denying a preliminary injunction by stating that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,derthat the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Winter</u>, 129 S Ct at 374.  In doing so, the <u>Winter</u> Court rejected the former "possibility of irreparable injury" analysis utilized by the Ninth Circuit.  See <u>The Lands Council v McNair</u>, 537 F3d 981, 987 (2008).

2

The <u>Winter</u> Court, however, did not address the second prong of the <u>McNair</u> analysis, which deemed granting a preliminary injunction appropriate where "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiffs'] favor." <u>McNair</u>, 537 F3d at 987. As this court has observed, this "second prong is relevant where irreparable injury is likely and imminent—for example, in the case of imminent foreclosure or deportation—and the plaintiff has demonstrated a serious merits issue but may be unable to determine a likelihood of success on the merits." <u>Save Strawberry Canyon v Department of Energy</u>, 613 F Supp 2d 1177, 1180 n2 (ND Cal 2009).

The court first considers plaintiffs' assertion that they will suffer irreparable injury if defendants are able to foreclose on their property before the conclusion of this action. Doc #7. Property is considered unique, and therefore the court finds that plaintiffs' remedy at law, damages, would be inadequate. See <u>Sundance Land Corp v Community First Federal Sav and Loan Ass'n</u>, 840 F2d 653, 662 (9th Cir 1988). It is also clear that if defendants foreclosed on the property, plaintiffs' injury would be irreparable because they might be unable to reacquire it. See <u>Taylor v Westly</u>, 488 F3d 1197, 1202 (9th Cir 2007). This fact weighs heavily in favor of plaintiffs.

Additionally, defendants will not suffer a high degree of harm if a preliminary injunction is ordered. While it is true that defendants will not be able to sell the property immediately and will expend costs in further litigating this action, when balanced against plaintiffs' potential loss, defendants' harm appears outweighed.

3

Having found plaintiffs' potential injury to be essentially irreparable and imminent, the court considers whether plaintiffs are likely to succeed on the merits. Plaintiffs contend, among other things, that defendants failed to comply with the communication requirements set forth in California Civil Code section 2923.5 ("section 2923.5").

Section 2923.5 requires a lender or its agent to attempt to contact a defaulted borrower prior to foreclosure. Section 2923.5(a)(2) requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact the borrower as required by this section."

Plaintiffs allege that "at no time prior to issuing the [notice of default] did PROVIDENT or anyone acting on its behalf contact Plaintiffs to discuss options to pay the loan or to access their financial situation. Doc #1 at 7-8. Plaintiffs further contend that each defendant "proceeded to notice the default and pending sale of the Subject Property without * * * (1) evaluat[ing] Plaintiff's financial condition regarding foreclosure avoidance; (2) advis[ing] Plaintiffs of their statutory right to meet with Defendants regarding such foreclosure avoidance; and (3) advis[ing] Plaintiffs of the toll-free federal Department of Housing and Urban Development ("HUD") telephone number regarding counseling opportunities to avoid the subject foreclosure." Id at 9-10.

4

While defendants contend that a "true and correct letter [was] provided by Defendant Provident Funding to Plaintiffs * * * setting forth all the required information," (Doc #11 at 6), section 2923.5(a)(2) requires that some such communication occur "in person or by telephone." Cal Civ Code §2923.5(a)(2). Accordingly, plaintiffs' unrebutted allegation that no such telephonic or personal contact was made raises a serious merits issue.

Lastly, the adverse impact foreclosures have on households and communities, as well as the societal benefits of home ownership, demonstrate the strong public interest in preventing unlawful foreclosures.

II

On proof made to the court's satisfaction that the matters giving rise to plaintiffs' complaint relate to plaintiffs' real property and that sale of the property at issue by defendants likely will cause plaintiff irreparable injury for which plaintiffs have no adequate remedy at law and good cause therefore appearing:

IT IS ORDERED that during the pendency of this action defendants Provident Funding Associates, LP; Preferred Mortgage; Mortgage Electronic Registration Systems, Inc; Max Default Services Corporation, their agents, employees, representatives and all persons acting in concert or participating with them, are enjoined and restrained during the pendency of this action from selling, transferring, conveying, evicting or any other conduct adverse to plaintiffs regarding the real property located at 22169 Betlen Way, Castro Valley, California 94546.

//

The reason for the preliminary injunction is to protect plaintiff from irreparable harm caused by a sale of their unique real property that may be unlawful.

The court reserves jurisdiction to modify this injunction as the ends of justice may require.

IT IS SO ORDERED.

*[signature]*

VAUGHN R WALKER
United States District Chief Judge